AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of NEW YORK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 13-M- 2096 |
| ABRAHAM RIVAS-RIOS, | ) | |
| *Defendant* | ) | |

## CRIMINAL COMPLAINT

On or about March 7, 2013, in Lockport, New York, in the Western District of New York, the above named defendant:

1) did knowingly possess with intent to use unlawfully five or more false identification documents, such possession having been in and affecting interstate commerce, in violation of Title 18, United States Code, Sections 1028(a)(3), 1028(c)(3)(A), and 1028(b)(2)(B); and

2) did knowingly and with intent to defraud possess 15 or more unauthorized access devices, in violation of Title 18, United States Code, Sections 1029(a)(3) and 1029(c)(1)(A)(i).

This criminal complaint is based on these facts:

[X] Continued on the attached sheet

_____
*Complainant's signature*

Steven Farnsworth
Special Agent, FBI
*Printed Name and Title*

Sworn to before me and signed in my presence,

Date: 4/19/13

_____
*Judge's Signature*

HUGH B. SCOTT
United States Magistrate Judge

City and State: Buffalo, New York

*Filed APR 19 2013, Michael J. Roemer, Clerk, Western District of NY*

# AFFIDAVIT

Steven Farnsworth, being duly sworn, deposes and says:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since August of 2012. I am currently assigned to the Buffalo Field Office and to the White Collar Crime Squad within that office. My duties include the investigation of such offenses as public corruption, investment fraud, money laundering, bank fraud, corporate fraud, mail fraud, wire fraud and other white collar crimes. The FBI is an agency within the United States Department of Justice, which is a department within the executive branch of the United States Government.

2. I make this Affidavit in support of a criminal complaint charging ABRAHAM RIVAS-RIOS with violations of Title 18, United States Code, Sections 1028(a)(3) (possessing with intent to use unlawfully five or more false identification documents) and 1029(a)(3) (knowingly, and with intent to defraud, possessing 15 or more counterfeit or unauthorized access devices).

4. I have knowledge of the facts stated in this affidavit as a result of my own investigation and my discussions with and review of reports of other law enforcement officers and witnesses. Because this Affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included each and every fact known by the government concerning this investigation.

## INVESTIGATION AND FACTUAL BASIS

5. An Investigator from The Home Depot has informed me that Home Depot was investigating an unidentified person who was performing a "ticket switch" scheme in which more expensive items were purchased using bar codes pertaining to less expensive items. The purchased items were then returned at different Home Depot store locations, without receipts, for store credits in amounts far exceeding the prices that had been paid. The exchanges were made without receipts that would have reflected the purchase of less expensive items. According to Home Depot store policy, when an item is returned without a receipt, a driver's license from the customer must be presented and recorded. A store credit then is issued in the form of a Home Depot stored value card.

6. On March 5, 2013, at a Home Depot Store in the vicinity of Cincinnati, Ohio, the then unidentified subject of the investigation purchased three solar light sets valued at approximately $200 each. This person, however, used a Universal Product Code (i.e., a bar code or "UPC") for a light set costing only $29.97. The payment method was a store credit in the form of a Home Depot stored value card, which had been issued earlier on March 5, 2013, at a Home Depot store in the vicinity of Indianapolis, Indiana. The items refunded to create this store credit were three light sets costing approximately $200 each. A California driver's license number CAS075**** [as redacted] was presented at the time of the refund.

7. A Home Depot Store Investigator began researching the matter and conducted a search for refunds using California driver's licenses beginning with "CAS07." The Home Depot Investigator then identified several previous refund transactions utilizing California driver's licenses beginning with "CAS07." Through in-store Closed Circuit Television (CCTV) surveillance, the Investigator determined that the same person was requesting the refund transactions. These transactions began on March 4, 2013, in Illinois, and subsequent transactions were identified in Indiana, Ohio, and New York.

8. While reviewing the CCTV surveillance, The Home Depot Investigator was able to determine that, after receiving refunds, the subject was seen using a self-checkout lane in which new "ticket switch" transactions occurred. A vehicle used by the subject was also identified. This vehicle is a white Ford Mustang convertible with a black top.

9. The Home Depot Investigator identified numerous ticket switch transactions between March 4, 2013 and March 7, 2013, in Illinois, Indiana, Ohio and New York, totaling approximately $15,000. The Home Depot Investigator also located a series of similar ticket switch incidents utilizing California driver's licenses beginning with "CAS0" during the month of February 2013 in The Home Depot's Southern Division. The Home Depot's Southern Division includes stores that are not within the states of Illinois, Indiana, Ohio, and New York. The Home Depot Investigator reviewed the in-store closed circuit TV surveillance and determined that the February incidents were performed by the same person who had performed the transactions referred to above in this affidavit. The loss in The Home Depot Southern Division was estimated at approximately $31,000.

10. On March 7, 2013, The Home Depot Investigator became aware of the subject conducting ticket switch and refund transactions in Western New York. The subject requested a $444.79 refund of a high end sink using a California driver's license at a Home Depot store in Buffalo, New York. Later in the day the subject made two more returns of high end sinks for refunds of $444.79 at Home Depot stores in West Seneca, New York, and Cheektowaga, New York. According to The Home Depot Investigator, after each refund, the same person can be seen via CCTV surveillance purchasing the same model high end sink he had just returned, but used a UPC bar code for a sink costing only $59.95. The subject then traveled to a Home Depot store in Lockport, New York, where The Home Depot Asset Protection Department was aware of his scheme. As a result, the subject was detained by Home Depot Asset Protection employees at the store located at 5730 South Transit Road, Lockport, New York 14094. Prior to being detained, the subject used California driver's license number CAS075 [as redacted, and differing from the license referred to above in paragraph 6 by only the final digit] in order to return merchandise valued at $700.55. Niagara County Sheriff's deputies were called to the store and arrested the subject. The subject later was identified as ABRAHAM RIVAS-RIOS. There were no other persons accompanying ABRAHAM RIVAS-RIOS at the time of his arrest.

11. The Niagara County Sheriff's Office conducted a search ABRAHAM RIVAS-RIOS's person at the time of his arrest. During that search, items discovered included, among other things, the California driver's license referred to above in paragraph 10, which bore the name Ruben ******* [as redacted]; and two Apple cellular telephones with bar codes taped to the back of their cases. The California driver's license number found on the person of ABRAHAM RIVAS-RIOS has been determined to be a valid California driver's license number, but belonging to a person other than Ruben *******.

12. The Niagara County Sheriff's Office obtained a search warrant for the white Ford Mustang California license plate number 6RLA*** that the subject was using. During the search of the vehicle conducted by the Niagara County Sheriff's Office, a rental car agreement from Dollar Rent A Car for a white Ford Mustang bearing California license plate number 6RLA***, rented to Abraham Rivas, was discovered. The rental period was March 2, 2013, through March 16, 2013, and was initiated at 5700 South Cicero Avenue, Chicago, Illinois.

13. Other items discovered in the white Mustang were seventeen Home Depot stored value cards worth approximately $5,910; nineteen California drivers licenses with sequential numbers, all bearing the

arrested subject's picture, but in the names of three separate aliases (the aforementioned Ruben R******; and also, Roque M*****, and Gerardo M*******).  In addition, Niagara County personnel found a Mexican Permanent Resident Card with the same picture as the one on the drivers licenses, but bearing the name Norberto R**** A******.  An LG smart phone; a Motorola flip cellular phone; and a Garmin Global Positioning Satellite (GPS) device that was plugged in and active also were found in the white Mustang. Based on my training and experience, I know that driver's licenses are issued under the authority of state governments and are commonly accepted for purposes of identification when completed with information concerning a particular individual.

14.  A search warrant was issued in U.S. District Court on April 12, 2013, regarding the electronic media referred to in paragraphs 11 and 13 above.  As a result of a preliminary review of the GPS device, and further contact with the Home Depot by your affiant, your affiant has learned that the GPS device reflects latitude/longitude coordinates corresponding to locations near Home Depot stores in Illinois, Indiana, Ohio, and Western New York.  (Not all the GPS coordinates on this device correspond to Home Depot locations.)

15. The subject of the present investigation, identified as ABRAHAM RIVAS-RIOS following his arrest in Lockport, New York, can be seen in the CCTV surveillance provided by The Home Depot Investigator talking on a cell phone just prior to conducting a refund transaction on March 7, 2013.

16. The Home Depot has provided information relating to its electronic processing of refund transactions. When a refund is requested at a Home Depot store, the data is sent electronically to a data center in Austin, Texas. The data then is routed in "near-real time" to another datacenter in Atlanta, Georgia, before being sent back to the originating retail store. The refunds are then loaded onto a Home Depot stored value card when the return is made without a receipt, as in this investigation. Thus, in addition to The Home Depot's presence throughout the United States as a large retailer selling a wide variety of products, there is evidence that interstate wire communications are incidental to the transactions described in this affidavit, and that the transactions referred to in this affidavit affected interstate commerce.

WHEREFORE, it is respectfully requested that this Court issue a criminal complaint charging ABRAHAM RIVAS-RIOS with violations of

Title 18, United States Code, Sections 1028(a)(3) and 1029(a)(3).

X _____
Steven Farnsworth
Special Agent
Federal Bureau of Investigation


Sworn to before me this 19th day
of April, 2013.

_____
HUGH B. SCOTT
United States Magistrate Judge